Miller, J. (dissenting):
I agree with the conclusion that fhe surrogate erred in surcharging the account of the executrix with the amount of the Federal inheritance tax paid by her, but' cannot assent to -the proposition that the 5th clause of-the will is too plain to admit, of construction ; disconnected from its context, and literally construed with reference ■ Solely to its grammatical construction, it doubtless warrants the interpretation about to be adopted by this court ; but I think the entire Will, illumined by such circumstances as we have a right to consider, reveals the testator’s purpose so clearly that it is our duty to give it effect-in spite of. inapt-or inaccurate modes of. expression. (Phillips v. Davies, 92 N. Y. 199.)
The residuary estate,-the subject of this -controversy, .consisted of the testator’s interest in the assets of the firm composed of himself and Frederick Rawolle; shortly"before making his will the- testa *895 tor and his said partner entered into new articles renewing the partnership for the definite term of five years from January 1, 1900, and by a supplemental agreement indorsed thereon, which we held applied to the entire articles (Matter of Marx, 106 App. Div.. 212), the term was extended so as to expire January 1, 1906. It is plain that the primary purpose of said new articles was to provide for the continuance of the business in case of the death of one'or both of the partners, for said articles contained explicit provisions to that end; and the apprehension of each was justified by the event, for the testator died November 21, 1901, and his said partner May 18, 1903. Said articles explicitly referred to the interest of each partner as capital invested by Mm, and provided that the capital should 'be kept unimpaired and that the profits or losses should be ascertained and divided on January first of each year in the manner stated. The testator was childless, and it is plain that the first object of his solicitude was his aged wife. We come now to the provisions of the will.
In the 1st clause the testator authorized his executors to make investments and reinvestments, “including the right to purchase and continue the business ” theretofore conducted by him with said Rawolle; in the 2d clause he directed them to carry, out said partnership agreement. The 3d and 1th clauses are not now material. In the 5th he disposed of his residuary estate. Omitting, for the present, consideration of the language requiring construction, the property which he had in mind was disposed of by four subdivisions, L, M, N and O, respectively, as follows: (L) One-third to his wife absolutely, (M) one-sixth to his executors in trust to pay the income to his wife during her life, remainder to her sisters and a brother, (N) one-sixth to his executors in trust to pay the income to his wife during her life, remainder to his own sisters and a brother, (O) the remaining third to his said sisters and brother. Said brother having died leaving a son, who had a son and six daughters, said testator added a codicil to his will, in which he stated it to be his “particular desire” to provide for the support, maintenance and education of his said grandnieces, and provided, among other things, that one-half of that portion of his estate which otherwise would have been paid to his said nephew should be invested and the income paid to said grandnieces until each attained the age of *896 twenty-one. It cannot be doubted that the testator intended that his aged wife . and the grandnieces, for whose education he ¡was solicitous, should have the immediate enjoyment of the provision for their benefit; he certainly did1 not intend to postpone such enjoyinent until death had intervened in the one case, or the time for education had passed.in the other, nor is it easy to suppose that in giving his wife the net income of a third lie really intended to limit her to income on the net income of' a third. I quote the- language which is claimed to require that result: • ■
“ Fifth. Subject to- the provisions relative to my copartnership business of Marx & Bawolle, I direct my executors hereinabove named, or such of them as shall qualify, ..to sell. all the rest, residue and remainder of my estate, both real and personal, at public or private sale,, on such terms as they shall deem best, and I héreby give them full power to grant and convey the same and .to receive the-proceeds thereof and also the proceeds of my said copartnership business when wound up and the -net income thereof, and I give and béqueath the same as follows,” etc. .
It must not be- overlooked that the residuary estate and the interest in the copartnership business'were identical^ that, as evidenced both by the will and the partnership articles the testator considered said interest as "an investment,, which he directed his executors' tó continue, and he was not amiss in treating the continuance of the partnership business by the executors as an investment by them of his residuary estate, for so the courts, have treated similar directions: (Matter of McCollum, 80 App. Div. 362; Johnson v. Lawrence, 95 N. Y. 154; Bell v. Hepworth, 134 id. 442, 448 ; Columbia Watch Co. v. Hodenpyl, 135 id. 430, 434; Ferry v. Laible, 31 N. J. Eq. 566, 579.) The will speaks from the death of the' testator, and I think it plain from what has already been said that the testator intended, to give his wife one-third of -his residuary estate absolutely, and the use of another third, and that his purpose was not frustrated by the direction for the. continuance of said business. The respondents- do not argue that the income from said business was not- to be withdrawn until the business was wound -up.; they concede that it was to be received annually as the partnership articles provided, but insist that when receive^ said income was to be treated not as income, but as additions to the" corpus of the -estate, to be. distributed and *897 invested accordingly; if they are right in this contention it cannot be doubted that the will provided for an unlawful accumulation of the income, of which the widow had the life use. (Thorn v. de Breteuil, 86 App. Div. 405 ; 179 N. Y. 64.) The only warrant for their contention is the assumption that the words “ copartnership business ” and “ net income thereof ” are the antecedents of the pronoun “ same ” following. I think said pronoun has the same antecedent as the preceding “same,” to 'wit, “all' the rest, residue and remainder of' my estate; ” that is what the testator clearly had in mind in making the provisions L, M, E and O, and tlie.fact that the draughtsman made a bungling sentence by putting too many parenthetical expressions between the pronoun and its antecedent should not jstand in the way of a clearly-expressed intention. The books are full of cases, which I need not cite, in which the courts have gleaned the intention of the testator from less apt language than that now being considered; but if sense is to yield to strict grammatical construction, and if the word “ same ” does refer to the “proceeds of my said copartnership business * *, * and the net income thereof,” then I think the expression is to be read distributively as the learned counsel for'the appellant contends, and that the testator meant to dispose of said “ proceeds ” as principal and the “ net income thereof ” as income in the manner in which he subsequently directs the disposition of principal and income, income not to be invested but to be paid out as “ income.” In any view,.the construction adopted by the executrix and long acquiesced in by the interested parties was correct.
Jenks, J., concurred.
Decree of the Surrogate’s Court of. Kings county reversed and proceedings remitted for further consideration in accordance with opinion of Hooker, J., with one bill of costs to the appellant and one bill of costs to the respondents, payable from the fund.